## Gerhart, Treasurer, v. Adams, Receiver, et al.

*Harry R. Matten, Chas. W. Matten, Stevens & Lee, E. H. Deysher* and *George Eves*, for petitioners.

*Edgar S. Richardson, John A. Moss* and *Max M. Yaffe,* contra.

SHANAMAN, J., June 7, 1935.—Robert R. Gerhart, Treasurer of Berks County, sued the receiver of The Reading National Bank & Trust Company and of The West Reading Title and Trust Company, and joined as codefendents with him five other named individuals. The suit is in assumpsit, to recover $66,325.03 with interest, and is based on a bond attached to the statement of claim and made a part thereof. In the bond The Reading National Bank & Trust Company and The West Reading Title & Trust Company, as principals, and the five individual defendants, with a sixth, who in the statement is alleged to be in bankruptcy and is not made a defendant, as sureties, acknowledged themselves bound to "Robert R. Gerhart (Treasurer-elect of Berks County, Pennsylvania), and the sureties on his official bond, hereinafter called the 'obligees', as their respective interests may appear," " in a sum equal to the full amount of deposits which are or may be deposited with said deposi-

tories." The condition of the bond is that "whereas the said Robert R. Gerhart proposes, upon his assuming the duties of his said office as County Treasurer, to deposit moneys coming into his custody for the County of Berks and the Commonwealth of Pennsylvania with the said depositories," the bond shall be valid unless the said depositories shall without delay pay over such moneys to the said obligee, Robert R. Gerhart, on his demand. The statement of claim sets forth that he deposited with said depositories the moneys sued for, has demanded them, and that his demands have been refused; wherefore he seeks to recover the said amount from defendants.

The receiver of the two banks has demurred. The individual defendants, liable as sureties on the bond, have petitioned for a more specific statement of claim. To this petition plaintiff has filed answer. Inasmuch as the rule for more specific statement of claim must be made absolute it is unnecessary now to consider the demurrer.

The petitioners set forth that the statement of claim is vague and lacking in particularity; that they cannot ascertain from it the right of the plaintiff to sue in his name alone with sufficient certainty to enable them properly to state their defense; that the particular in which the statement lacks is that, while showing the obligees in the bond to be Robert R. Gerhart, treasurer-elect, and the sureties on his official bond, the statement does not set out whether or not an official bond was ever given by Robert R. Gerhart, the plaintiff, and, if so, the identity of the sureties thereon. Plaintiff contends that the sureties on his official bond are not necessary parties and that he, as one of the obligees, may separately sue on it. At this stage of the proceedings that question has not arisen and may be determined if and when it is properly raised. It will be observed that petitioners have not filed an affidavit in the nature of a plea in abatement or raising questions of law. They do not contend that the statement of claim lacks necessary parties, but that they are unable to determine from it what, if any, defense they

have, because of the absence of the particular items of information above mentioned. The question before the court is simply: Are defendants entitled in the suit as pleaded to have plaintiff state whether or not he gave an official bond, and, if so, the identity of the sureties on such bond?

"The statement should contain all the ingredients of a complete cause of action, averred in clear, express, and unequivocal language . . . The statement of claim under the Practice Act is a bill of particulars and it must disclose for the information of the defendant, the essential facts of the plaintiff's case": Patton's Pennsylvania Common Pleas Practice (2d ed.), 192.

The present statement is in a suit on a bond by one of a number of obligees in it, the bond not revealing who the other obligees are or whether they exist at all, since they are described in it simply as "sureties on his official bond". From the statement and bond attached it remains uncertain, though probably immaterial, whether then existing sureties on an official bond of plaintiff exacted the bond in suit, or whether he himself exacted it and joined in its benefits his sureties on an existing or contemplated official bond given or contemplated to be given by him. Neither the plaintiff nor his coöbligees became parties signatory, and prima facie all the obligees will be presumed to have accepted its benefits. In the absence of further averment, the defendants have been placed in the position of being sued on a contract without being told who the parties to it are. This is not like the case of a suit by a materialman or subcontractor upon a bond given by a general contractor for the benefit of subcontractors furnishing materials or labor. Such subcontractor, if not paid, may sue on the bond, and he need not particularize who else, if anyone else, may be entitled to proceed on the bond given for the benefit of the class or creditors described in it. In the present case, plaintiff's sureties on his official bond are not third parties for whose benefit the present bond was delivered.

They are, by the terms of the bond, made direct obligees, full and equal promisees with plaintiff. If they exist, the plaintiff knows it better than defendants, for he knows whether or not he gave an official bond and who became his sureties. It would seem that plaintiff might easily, and we think properly, have averred in a brief paragraph of his statement either that he did not give such bond and that there were consequently no other obligees, or that he did give such bond and that the sureties were as he stated.

For the reasons given, we are of opinion that the plaintiff should set forth the whole contract, including not only its terms but the identity of the parties to it. The cause of action is the written contract, and it cannot be said that the defendants or the court possess a clear and unequivocal statement of the whole contract unless the plaintiff divulges the identity of his sureties, if any, who are his coöbligees.

Plaintiff contends that his statement sets forth a good cause of action and concisely narrates all the facts necessary in law to support his action. This may or may not be true, but it does not affect the point raised by defendants. Where the bond sued upon reveals that there are other obligees in the bond than plaintiff, who are expressly stated and mentioned in the contract as promisees along with and no less than himself, without any special indication of the joint or several nature of the obligation, but whose identity or existence is not certainly disclosed by the contract, and where the existence or nonexistence of such coöbligees or their identity is best known to plaintiff, because their existence or nonexistence and identity, in the usual course of business, depend upon plaintiff's having procured said parties to become sureties on his official bond, plaintiff ought to set forth the facts relevant to the matter in his statement of claim.

And now, to wit, June 7, 1935, the rule for a more specific statement of claim is made absolute.